**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4771**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOBANI GONZALEZ-TREJO, a/k/a Dog,

Defendant - Appellant.

———————

**No. 11-4772**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDILBERTO ANGELES-GUZMAN, a/k/a Primo,

Defendant – Appellant.

———————

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:09-cr-00264-BO-1; 5:09-cr-00264-BO-2)

———————

Submitted: May 3, 2012                  Decided: June 6, 2012

———————

Before AGEE and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

_____

Gregory B. Smith, LAW OFFICES OF GREGORY B. SMITH, Washington, D.C., for Appellant Jobani Gonzalez-Trejo; Jorgelina E. Araneda, ARANEDA LAW FIRM, PC, Raleigh, North Carolina, for Appellant Edilberto Angeles-Guzman. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jobani Gonzalez-Trejo and Edilberto Angeles-Guzman (collectively Appellants) pleaded guilty to conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine, 21 U.S.C. §§ 841(a)(1) and 846, and related substantive offenses. The Appellants each received a sentence of 151 months' imprisonment. On appeal, they challenge their respective sentences. We affirm.

Appellants first argue that the district court erred in calculating the base drug amount attributable to them under United States Sentencing Commission Guidelines Manual (USSG) § 2D1.1 (2010). More specifically, they contend that the district court's finding concerning the base drug amount required it to start at a base offense level of 32 instead of 34.

A Presentence Investigation Report (PSR) was prepared for each of the Appellants. In the reports, both Appellants were attributed in excess of 156 kilograms of cocaine for their respective roles in the conspiracy, which resulted in a base offense level of 38, see USSG § 2D1.1(c)(1) (requiring more than 150 kilograms of cocaine). Much of this drug amount was based on information provided by a confidential informant (CI). The Appellants objected to the drug calculations, urging the district court to find that they were responsible for between

five and fifteen kilograms of cocaine, which corresponded to a base offense level of 32, see id. § 2D1.1(c)(4) (requiring at least five but less than fifteen kilograms of cocaine). The district court sustained the objection in part based on its finding that the CI was not a "credible witness for the government." (J.A. 207). Although its drug amount finding was no model of clarity, the district court made a conservative estimate of the amount of cocaine attributable to the Appellants, finding them responsible for between fifteen and fifty kilograms of cocaine, which resulted in a base offense level of 34, see USSG § 2D1.1(c)(3) (requiring at least fifteen but less than fifty kilograms of cocaine).

We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error. United States v. Slade, 631 F.3d 185, 188 (4th Cir. 2011); United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999). Under USSG § 1B1.3(a)(1)(B), a defendant is responsible not only for his own acts, but also for "all reasonably foreseeable acts" of his coconspirators in furtherance of the joint criminal activity. USSG § 1B1.3(a)(1)(B). The defendant bears the burden of establishing that the information relied upon by the district court is erroneous. Randall, 171 F.3d at 210-11.

On appeal, the Appellants argue that the district court specifically found that between five and fifty kilograms of cocaine were attributable to them for sentencing purposes. According to the Appellants, because such a finding straddles base offense levels 32, see USSG § 2D1.1(c)(4) (requiring at least five but less than fifteen kilograms of cocaine), and 34, see id. § 2D1.1(c)(3) (requiring at least fifteen but less than fifty kilograms of cocaine), the district court was required to assign each of them a base offense level of 32 instead of 34. The problem with the Appellants' argument is that it rests on a faulty premise. Although the district court stated that it was "inclined to believe that the preponderance of the evidence establishes between five and fifty keys," (J.A. 153), the district court went on to clarify and find that a preponderance of the evidence supported an attributable drug amount between fifteen and fifty kilograms of cocaine which corresponded to a base offense level of 34. Considering the evidence before the district court, such finding is not clearly erroneous.

The Appellants next argue that the district court improperly applied a two-level enhancement for possession of a firearm. Under USSG § 2D1.1(b)(1), a district court must increase a defendant's offense level two levels "[i]f a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). In order to prove that a weapon was present, the

5

government "need show only that the weapon was possessed during the relevant illegal drug activity." United States v. McAllister, 272 F.3d 228, 233–34 (4th Cir. 2001).

Here, the PSRs recommended application of the two-level enhancement under USSG § 2D1.1(b)(1) because a "firearm was seized from a residence used by [the Appellants] to store and distribute cocaine." (J.A. 197-98). Angeles-Guzman objected to the recommendation, but Gonzalez-Trejo did not. The district court overruled Angeles-Guzman's objection. Consequently, the district court applied the enhancement to the Appellants.

With regard to Angeles-Guzman's challenge, our review is for clear error. McAllister, 272 F.3d at 234. Under this standard of review, we will only reverse if left with the "definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336–37 (4th Cir. 2008) (citation and internal quotation marks omitted).

Gonzalez-Trejo's failure to raise this issue below means that he must meet the more demanding plain error standard. See United States v. Massenburg, 564 F.3d 337, 341–42 (4th Cir. 2009) (failure to raise issue at sentencing mandates plain error review). In order to satisfy the plain error standard, Gonzalez-Trejo must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights. United

States v. Olano, 507 U.S. 725, 732 (1993). The decision to correct the error lies within this court's discretion, which should be exercised "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Massenburg, 564 F.3d at 343 (citation and internal quotation marks omitted).

The USSG § 2D1.1(b)(1) enhancement "reflects the increased danger of violence when drug traffickers possess weapons" and should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1(b)(1), cmt. n.3. It is the defendant's burden to show that a connection between his possession of a firearm and his narcotic offense is "clearly improbable." United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997) (internal quotation marks omitted).

The enhancement is proper when "the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction," United States v. Manigan, 592 F.3d 621, 628–29 (4th Cir. 2010) (citation and internal quotation marks omitted), even in the absence of "proof of precisely concurrent acts, for example, gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun." Harris, 128 F.3d at 852 (citation and internal quotation marks omitted).

7

Pursuant to USSG § 1B1.3(a)(1)(B), a defendant may be held responsible for a firearm possessed by another member of the conspiracy if possession of the firearm was "reasonably foreseeable" to the defendant and "in furtherance of the jointly undertaken criminal activity." USSG § 1B1.3(a)(1)(B); United States v. Kimberlin, 18 F.3d 1156, 1159-60 (4th Cir. 1994). Moreover, "[a]bsent evidence of exceptional circumstances, . . . it [is] fairly inferable that a codefendant's possession of a dangerous weapon is foreseeable to a defendant with reason to believe that their collaborative criminal venture includes an exchange of controlled substances for a large amount of cash." Kimberlin, 18 F.3d at 1160 (citation and internal quotation marks omitted and alterations in original).

The Appellants argue that the district court erred by holding them responsible for a firearm recovered from the mobile home that Angeles-Guzman shared with his brother and cousin. The Appellants first posit that there was no evidence that the firearm was connected to the conspiracy. With regard to Gonzalez-Trejo, the argument is taken one step further, positing that there was no evidence that Gonzalez-Trejo had ever been to the home or was connected to it in any way.

In this case, the evidence showed that the Appellants were involved in a drug conspiracy which involved the steady sale and storage of cocaine at a mobile home that Angeles-Guzman

8

shared with his brother and cousin. Following one of the transactions, the one which resulted in the arrests of the Appellants, a firearm was found in the living room of the mobile home and cocaine, which, at the time of the search, Angeles-Guzman claimed was his, was found in a bedroom in the home. Given the close relationship between the Appellants and the sizeable amount of cocaine that was being sold during the conspiracy, it was reasonably foreseeable to both of the Appellants that a firearm in furtherance of their joint drug distribution efforts would be kept in the mobile home. Kimberlin, 18 F.3d at 1160. Put another way, the Appellants have not shown that it was "clearly improbable" that the firearm was connected with the drug conspiracy. Accordingly, there is no clear error, let alone plain error. We hold that the district court did not err in imposing the two-level enhancement for possession of a firearm in furtherance of the conspiracy.[*]

---

[*] Gonzalez-Trejo contends that he received ineffective assistance of counsel at sentencing that resulted in an improper sentence. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, federal prisoners ordinarily must pursue such claims in a motion under 28 U.S.C. § 2255. United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance of counsel. King, 119 F.3d at 295. Because our review of the record in this appeal does not conclusively establish ineffective assistance of counsel, we conclude (Continued)

9

For the reasons stated, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

Gonzalez-Trejo's ineffective assistance claim should be brought in a motion under § 2255.